IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-123-FL
No. 5:16-CV-300-FL

| | | |
|---|---|---|
| ELLIS MCDONALD GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 41), wherein he asserts a claim pursuant to Johnson v. United States, __ U.S.__, 135 S. Ct. 2551 (2015). The government has responded to petitioner's motion to vacate, waiving procedural defenses and agreeing that petitioner should be resentenced in light of Johnson, and United States v. Gardner, __ F.3d __, 2016 WL 2893881 (4th Cir. 2016). (DE 45). For the reasons that follow, the court grants the motion.

**COURT'S DISCUSSION**

On September 8, 2008, petitioner pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Based on petitioner's prior convictions under North Carolina law for common law robbery, as well as convictions under North Carolina law for larceny and possession with intent to sell or deliver cocaine the court sentenced petitioner to a 141 month term of imprisonment, pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). That sentence was in excess of the 120 month statutory maximum sentence typical of § 922(g) convictions. See 18 U.S.C. § 924(a).

Petitioner's convictions for common law robbery no longer are "violent felonies" in light of Johnson; United States v. Welch, __ U.S.__, 136 S. Ct. 1257 (2016), which held Johnson to be retroactive on collateral review; and Gardner. See 18 U.S.C. § 924(e)(2)(B). Accordingly, petitioner lacks the requisite three predicate felony convictions to qualify as an "armed career criminal" under the ACCA and must be resentenced. See id. § 924(e)(1).

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate. (DE 41). The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The Federal Public Defender, or designee, is DIRECTED to enter an appearance for purposes of petitioner's resentencing hearing. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated presentence report, including recalculation of petitioner's corrected advisory guidelines range, within seven days of the date of resentencing.

SO ORDERED, this the 19th day of July, 2016.

LOUISE W. FLANAGAN
United States District Judge